**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CLARISSA RAMIREZ,**

        **Plaintiff,**

**-vs-**                                          **Case No. 6:05-cv-396-Orl-18DAB**

**BIG APPLE CONSULTING USA, INC.,**

        **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION TO REOPEN CASE (Doc. No. 12)**
>
> **FILED:**      **May 24, 2005**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

> **MOTION:**    **MOTION FOR ATTORNEY'S FEES AND COSTS (Doc. No. 13)**
>
> **FILED:**      **May 24, 2005**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED, in part and DENIED, in part**.

On May 4, 2005, the District Court granted Plaintiff's motion to approve the settlement agreement in this action, which specifically preserved the court's jurisdiction to consider entitlement

to and an award of attorney's fees and costs (Doc. No. 8 and 10).  The case was closed by Order of dismissal, and Plaintiff timely moves to reopen the case for the purpose of entry of an award of attorney's fees and costs.  Defendant has not filed any opposition to the motions.

The Complaint in this action was filed pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq*. Plaintiff alleged that Defendant failed to compensate her for her hours worked in violation of the minimum wage provisions of the FLSA.  The Complaint was filed March 15, 2005, and was settled shortly after service of process.  Indeed, Defendant did not even file an Answer. The docket reveals that no hearings were held, nor does it appear that any discovery or other pretrial matters were necessary.  According to the papers filed, the parties negotiated a settlement on April 7, 2005, which provides for $490.00 to be paid to Plaintiff for back wages and liquidated damages, and reserves the right to claim entitlement to attorney's fees and costs.

In her motion, Plaintiff seeks a fee and cost award of $5,848.00 (19.6 hours @ $280.00 per hour, plus costs in the amount of $360.00).  In FLSA suits for unpaid minimum wages or unpaid overtime wages, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).  This provision has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985); *see also*, *Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987) ("Section 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees, to the prevailing plaintiff in FLSA cases.").  Plaintiff is entitled to attorney's fees, both under the terms of the FLSA and as no timely objection to the motion (or the relief sought in the Complaint) has been filed.  The fee, however, must still be reasonable.

Here, the hours charged seem excessive for a case that required no hearings or discovery. Although counsel contends that Defendant "maintained defenses," no answer was ever filed, and Defendant stipulated to paying "full damages" less than two weeks after service of process. (*See* Doc. 13 at 5, entry 4/7/05). Moreover, the itemization attached to the Affidavit of counsel indicates excessive amounts of time charged for certain tasks, such as a claimed 4.4 hours to prepare the instant motion. While the Court has no quarrel with the quality of legal representation, these circumstances, in a case involving only $490, simply do not warrant an award of more than 10 hours total.

Moreover, the Court finds that the claimed rate of $280 an hour is high for this type of work performed in this community, by a practitioner with six years of experience. The Court recommends an award at $250 per hour.

It is therefore **respectfully recommended** that the motion be **granted, in part** and an attorney's fee in the amount of **$2,500 (10 hours x $250 per hour)** be awarded. Costs should be taxed by the Clerk as a matter of course, following the filing of a Bill of Costs, as set forth in Rule 54.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 17, 2005.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy